UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-CR-138-003 |
| | ) | | Judge Phillips |
| ASHLEY QUEENER | ) | | |

## **MEMORANDUM AND ORDER**

Defendant Ashley Queener has filed a petition for early termination of supervised release [Doc. 675]. In support of her motion, Defendant states that she began her term of supervised release on June 23, 2017, and it is set to expire on June 20, 2020. Defendant states that she has paid her special assessment fee and has completed the "Re-Entry Program." Defendant also states that, while incarcerated, the completed the Residential Drug Abuse Program and became a group leader and mentor. Defendant states that she has now been drug-free for five years and has regained custody of her oldest daughter. Defendant also states that she now has a stable home and a stable job at Norris Religious Fellowship Church. Defendant further notes that she has ceased any communication with her former friends, who were involved in drug activity, and has completely avoided use of social media to ensure those from her past could not communicate with her.

The record reflects that Defendant pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On January 27, 2016, Defendant was sentenced to a term of

imprisonment of 42 months' imprisonment, to be followed by a three-year term of supervised release [Doc. 426].

The United States Probation Office has informed the Court that Defendant is considered a favorable candidate for early termination of supervised release. Defendant's probation officer states that Defendant has completed over 29 months of her term of supervised release, and has maintained a stable residence and employment, and has not had any issues with noncompliance. Defendant's probation officer also emphasizes that Defendant completed a voluntary two-phase individualized Reentry Program, all while pregnant with her fifth child. The government has not responded to Defendant's motion for early termination of supervised release, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a).

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of Defendant's supervised release. In support of this determination, the Court notes that Defendant has completed more than 29 months of her term of supervised release, and indeed, has completed nearly all of her term of supervised release. During this time, Defendant has been in full compliance with the conditions of her supervision. Defendant has maintained employment, regained custody of a child, and given birth to her fifth child. Moreover, Defendant has completed the

voluntary Reentry Program, and has completely distanced herself from her former affiliations. In addition, Defendant's supervising probation officer does not oppose the request for early termination. It appears to the Court that Defendant has rehabilitated herself and she poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, Defendant's motion for early termination of supervised release [Doc. 675] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

                                              s/ Thomas W. Phillips
                                      SENIOR UNITED STATES DISTRICT JUDGE